UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:17-cr-00029-RLY-MPB |
| | ) | |
| FREDDIE DEMARKA REED, III, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO SUPPRESS**

After being arrested for a parole violation, police officers searched a vehicle in which Defendant was a passenger. The search uncovered two firearms located in the rear of the vehicle where Defendant had been sitting. A grand jury subsequently returned an indictment charging Defendant, Freddie Demarka Reed III, with being a felon in possession of a firearm. Defendant now moves to suppress the firearms found during the search of the vehicle arguing that the officers violated his Fourth Amendment rights by conducting an unlawful search incident to arrest. For the following reasons, the court **DENIES** Defendant's Motion to Suppress.

**I.    Background**

The facts are not disputed. On March 13, 2017, Detective Sergeant Kurt Althoff and Task Force Officers from the United States Marshals Fugitive Task Force began searching for Defendant because of an outstanding warrant. The warrant had been issued by the State of Indiana for a parole violation. The officers conducted surveillance on the residence located at 724 E. Iowa Street in Evansville, Indiana. Eventually, they observed

1

Defendant and two women enter a white Nissan Pathfinder and drive away. After following the vehicle for a couple of blocks, the officers initiated a traffic stop.[1]

As the vehicle was slowing, Officer Althoff was informed by other officers on the radio that there was movement within the rear of the vehicle. Once the vehicle came to a stop, Defendant, who was seated in the rear, was ordered out of the vehicle. The officers then detained and arrested him without incident. Defendant was searched subsequent to his arrest, and a large amount of currency was found on his person. The officers then spoke with the two women who were with Defendant in the vehicle. The driver—Katie Hawkins—stated that while pulling over, Defendant had asked her to hide two methamphetamine pipes and a bag of marijuana. She subsequently produced the items from her pants and bra for the officers. The front-seat passenger—Breea Galiher—told officers that Defendant had attempted to hand her a pink-gripped handgun but she refused his request.

Further discussion with Hawkins and Galiher revealed to officers that neither Hawkins nor Galiher owned the vehicle. It was later determined that the vehicle's owner was Jessica Jackson. Jackson, the mother of one of Defendant's children, had allowed Defendant to use the vehicle to assist Hawkins and Galiher, who had trouble with their own vehicle. This is important because Vanderburgh County Sheriff's Office Towing and Impounding policy permits officers to impound a vehicle when the owner of the vehicle is not present and it is located in a high-crime area. Once a vehicle has been

---

[1] Officer Althoff testified that there were seven or eight officers in total who assisted in the traffic stop.

impounded, the officers are permitted to search and tow the vehicle away. Based on this department policy, and the fact that no firearms had been found contrary to what Galiher had indicated, Officer Althoff made the decision to search the vehicle. The search turned up, among other things, two firearms: a Ruger LCP .38 caliber and a Taurus PT-25. The firearms were located in the rear of the vehicle inside a compartment under the middle seat. The officers then requested the vehicle be towed due to the fact that the owner was not present.[2]

Defendant was subsequently indicted on one count of being a felon in possession of a firearm. On August 23, 2017, he filed the present motion to suppress. The court held a suppression hearing on October 17, 2017, and each party submitted a supplemental brief. The motion is now ripe for ruling.

## II.    Discussion

Defendant moves pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure to suppress the firearms seized because the search of the vehicle was conducted without a warrant, probable cause, or exigent circumstances. Defendant's theory is that the officers conducted the search incident to his arrest but ran afoul of the rules established in *Arizona v. Gant*, 556 U.S. 332 (2009). The government responds with a number of arguments,[3] but the court need not address all of them because it finds

---

[2] Jackson arrived at the scene before the vehicle was towed. However, because the vehicle was already hooked up to the tow truck, the officers proceeded to tow the vehicle.

[3] In addition to the automobile exception, the government argues that the search was valid because the vehicle was subject to an inventory search and the evidence seized would be admissible under the doctrine of inevitable discovery. (Filing No. 20, Gov't Response at 4). At

3

one of them determinative: the officers had probable cause to search the vehicle under the automobile exception to the warrant requirement.

   A.   **Standing**

The court will briefly comment on the issue of standing.[4] The government initially pressed that Defendant lacked standing to challenge the search. However, at the suppression hearing, the government stated that if the court finds Defendant's testimony credible—that Jackson gave him permission to use the vehicle to help Hawkins and Galiher—then Defendant would have established standing. (*See also* Filing No. 27, Gov't Response, at 1). The government did nothing to call Defendant's testimony into question at the hearing: it did not offer an alternative explanation nor did it show that Defendant was using the vehicle without permission. *See United States v. Garcia*, 897 F.2d 1413, 1418 (7th Cir. 1990) ("Because the government hasn't proven the vehicle was stolen, we find Carlos satisfies the two-prong standing inquiry."). With no other

---

the evidentiary hearing, the government also argued that the search was valid because of the public-safety exception.

[4] The Supreme Court has stated that when "determining whether a defendant is able to show the violation of his (and not someone else's) Fourth Amendment rights, the 'definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing.'" *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (quoting *Rakas v. Illinois*, 439 U.S. 128, 140 (1978)). Some decisions have acknowledged that the use of the word standing is incorrect, *see United States v. Figueroa-Espana*, 511 F.3d 696, 703 n. 1 (7th Cir. 2007), while others have used the label standing. *See United States v. Walton*, 763 F.3d 655, 662 (7th Cir. 2014); *see also United States v. Crowder*, 588 F.3d 929, 934 n. 5 (7th Cir. 2009) (noting that the word "standing" has been used as a shorthand to refer to a defendant's ability to challenge a search). Because the parties have referred to the issue as one of standing, the court will do the same.

explanation of how Defendant possessed the vehicle, the court finds Defendant credible, and accordingly, that he has standing to assert his Fourth Amendment claim.[5]

## B. Search of the Vehicle

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. CONST. amend. IV. "Warrantless searches are considered *per se* unreasonable under the Fourth Amendment unless one of a few specifically established and well-delineated exceptions applies." *United States v. Williams*, 627 F.3d 247, 251 (7th Cir. 2010) (citing *Gant*, 556 U.S. at 338)). One exception—the automobile exception—permits the warrantless search of an automobile so long as the officers have probable cause to believe the automobile contains contraband or evidence of a crime. *United States v. Zahursky*, 580 F.3d 515, 521 (7th Cir. 2009) (citing *Carroll v. United States*, 267 U.S. 132, 153-56 (1925)).

Probable cause to search exists where "the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996) (citations omitted). Probable cause is a "nontechnical" concept and is concerned with the "factual and practical considerations of everyday life on which reasonable and prudent

---

[5] It might be argued that, even assuming his testimony to be true, Defendant—as a passenger in the vehicle—did not have any expectation of privacy in the vehicle. *See United States v. Mompie*, 216 F.Supp.3d 944, 955 (S.D. Ind. 2016) (citing *Walton*, 763 F.3d at 666) ("[T]he Seventh Circuit has determined that a passenger lacks standing because he cannot protect his privacy in a car that he has no power over."); *see also United States v. Taylor*, No. 16-cr-143, 2017 WL 3054833, at *4 (E.D. Wis. July 19, 2017) (finding passenger did not have standing to challenge the search of vehicle). However, in light of the government's position at the suppression hearing, the court need not address this argument.

men, not legal technicians, act." *Ornelas*, 517 U.S. at 695 (quoting *Illinois v. Gates*, 462 U.S. 213, 231 (1983)). When determining probable cause, a court employs an objective standard considering only the facts that were actually known to the officers at the time of the search. *See Richardson v. Bonds*, 860 F.2d 1427, 1431 (7th Cir. 1988). The court ordinarily does not give any weight to an officer's view of the legal basis for the search. *See Calusinski v. Kruger*, 24 F.3d 931, 935 (7th Cir. 1994); *but see Richardson*, 860 F.2d at 1431 (describing that courts do not look favorably on post-hoc rationalizations or "arrest now, explain later" policies).

Here, the officers had probable cause to search the vehicle. Officer Althoff testified that Defendant's parole agent advised officers, prior to the arrest, that Defendant was known to carry firearms. After talking with Hawkins and Galiher, the officers were aware that Defendant had attempted to conceal methamphetamine pipes and marijuana, both of which were found, and also a firearm, which had not yet been located. The officers were mindful too of Defendant's suspicious movements while the vehicle was being pulled over. Armed with all of this knowledge, the officers had enough information to believe that a firearm would be found in the vehicle. Defendant's conclusory response that the officers had no probable cause to believe the car contained evidence of a crime is simply unfounded.

Defendant's main contention is that the search was an improper search incident to arrest under *Arizona v. Gant*, 556 U.S. 332, 351 (2009), which limited searches of an automobile, post-arrest, to only those places that are in the reaching distance of the

6

arrestee or to the vehicle if it is reasonable to believe that the vehicle contains evidence of the arresting offense.

However, the government has not argued that the search was lawful under *Gant*; it has argued that the search was lawful under the automobile exception, *see Maryland v. Dyson*, 527 U.S. 465 (1999), which is a separate exception to the warrant requirement. *United States v. Edwards*, 769 F.3d 509, 514 (7th Cir. 2014) (noting the search incident to arrest exception and the automobile exception "are interrelated, but not identical."); *United States v. Paige*, 870 F.3d 693, 702 (7th Cir. 2017) (same). While Task Force Officer Douglas Francis testified that his report indicated that the firearms were found during a search incident to Defendant's arrest, he based this conclusion on information gathered from other officers. Moreover, officers are not lawyers, and so neither the court nor the government are bound by Officer Francis' legal characterization of the search. *See Richardson*, 860 F.2d at 1431 (noting that absent bad faith, an officer's subjective evaluation of the legal significance of facts is generally not relevant to the probable cause determination). Simply put, Defendant's arguments that the search was unlawful under *Gant* does not apply.

### III. Conclusion

For the reasons stated herein, Defendant's Motion to Suppress (Filing No. 19) is **DENIED**.

**SO ORDERED** this 5th day of January 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.